IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Respondent,<br><br>  v.<br><br>KEVIN HARRIS,<br>   Petitioner. | )<br>)<br>) Civil Action No. 08-1704<br>) Criminal Action No. 06-182<br>)<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.
               April 28, 2009

   This is an action to vacate sentence. On March 9, 2007, Kevin Harris pled guilty to one count of possession with the intent to distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On December 15, 2007, this court sentenced petitioner to 210 months incarceration to be followed by five years supervised release. Petitioner has now filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and a brief in support [Crim. Doc. Nos. 54, 55]. The government has filed its response [Crim. Doc. No. 63]. By order dated January 13, 2009, this court allowed petitioner to file a reply brief on or before March 20, 2009. [Crim. Doc. No. 60]. He has failed to do so.

   Petitioner claims that his trial counsel provided ineffective assistance of counsel. The government argues that petitioner, knowingly and voluntarily, waived his right to file a

motion to vacate sentence. For the reasons that follow, petitioner's motion to vacate sentence will be denied.[1]

Petitioner pled guilty pursuant to a written plea agreement [Crim. Doc. No. 33]. The plea agreement states that petitioner waives the right to take a direct appeal from his conviction or sentence, subject to certain exceptions, and that he:

> further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

[Crim. Doc. No. 33 at ¶3]. The court of appeals has held that waivers such as this will be enforced "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008); United States v. Khattak, 273 F.3d 557, 561-62 (3d Cir. 2001).

Petitioner is now seeking, pursuant to section 2255, to vacate his sentence on the basis that he was denied the effective assistance of counsel. Petitioner's ability to file a section 2255

---

[1] A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008). Based on our review of the motion, the response thereto, and the record, we hold that a hearing is not required here because it is clear that petitioner is not entitled to relief.

2

motion to vacate sentence is limited by the waiver in his plea agreement. The record shows that, on March 9, 2007, this court reviewed the plea agreement with petitioner at length and that he knowingly and voluntarily entered the plea with an understanding of its consequences, including the waiver of his right to file this petition. Petitioner does not claim otherwise.

Accordingly, we find that petitioner's waiver is binding, and the motion is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent,<br><br>    v.<br><br>KEVIN HARRIS,<br>    Petitioner. | )<br>)<br>) Civil Action No. 08-1704<br>) Criminal Action No. 06-182<br>)<br>) |

AND NOW, this 28th day of April, 2009, upon consideration of petitioner's motion to vacate sentence [Crim. Doc. No. 54], IT IS HEREBY ORDERED THAT the motion is DENIED.

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc:     All Counsel of Record

       Kevin Harris, #08969-068
       FCI-Allenwood-Medium
       PO Box 2000
       White Deer, PA 17887